T.C. Memo. 2007-1

UNITED STATES TAX COURT

RICHARD CLARKE RANDALL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24208-05.                    Filed January 3, 2007.

Richard Clarke Randall, pro se.

Steven I. Josephy, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Petitioner petitioned the Court to redetermine a $14,643 deficiency in his 2003 Federal income tax and a $2,929 accuracy-related penalty under section 6662(a).[1]  Following a trial that was held on September 11, 2006, we must decide whether

_____

[1] Section references are to the applicable versions of the Internal Revenue Code.

petitioner's 2003 taxable income includes nonemployee compensation not otherwise reported by him in that taxable income. We hold that it does. We also must decide whether petitioner is liable for the section 6662(a) accuracy-related penalty. We hold that he is.

## FINDINGS OF FACT

Some facts are stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in Colorado when his petition was filed.

In 2003, petitioner received $32,225 in nonemployee compensation from National Quality Assurance USA Inc., $20,517 in nonemployee compensation from Labtest International Inc., $2,250 in nonemployee compensation from Due.com Inc., $44 in interest income from Firstbank of Arapahoe County, and $242 in taxable dividends from The Southern Company Services, Inc. After receiving petitioner's 2003 Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, respondent issued to petitioner a notice of proposed changes (CP-2000). Thereafter, petitioner filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 2003. On this amended return, petitioner reported that his adjusted gross income for 2003 was $501; this amount consisted of $44 of interest income and $215 and $242 in dividends. He reported total tax of zero. Petitioner attached

to this amended return 2003 Forms 1099-MISC, Miscellaneous Income, from National Quality Assurance USA, Inc. and Labtest International, Inc.; on each, petitioner had crossed out the amounts listed in the box labeled "nonemployee compensation" and written in "0".  He included at the bottom of each of the Forms 1099-MISC the following statement:

> This corrected Form 1099-MISC is submitted to rebut a document known to have been submitted by the party identified above as "PAYER" which erroneously alleges a payment to the party identified above as the "RECIPIENT" OF "gains, profit or income" made in the course of a "trade or business".  Under penalties of perjury, I declare that I have examined this statement and to the best of my knowledge and belief, it is true, correct, and complete.

Respondent issued to petitioner the notice of deficiency on September 26, 2005, and petitioner timely filed a petition in this Court.  In the petition, petitioner stated the following:

> I have submitted an amended tax return (1040X) to the IRS addressing errors in my previous tax return (1040EZ).  I have also submitted an affidavit explaining how two "1099-MISC" forms (identified in the "Notice CP2000") are incorrect.  One was from "National Quality Assurance USA Inc" and the other from "Labtest International Inc."  Both "1099-MISC" forms erroneously allege a payment to the party identified as he [sic] "RECIPIENT" of "gains, profit or income" made in the course of a "trade or business".  I rebutted both of these documents in attachments to my amended 2003 tax return, dated September 9, 2005.  My amended tax return did not indicate any greater tax liability than my original tax return.

In the referenced affidavit, which was dated November 26, 2005, petitioner stated that the Forms 1099-MISC from National Quality Assurance USA Inc. and Labtest International Inc. "erroneously

allege a payment to the party identified as the 'RECIPIENT' of 'gains, profit or income' made in the course of a 'trade or business'" and that he had "rebutted both of these documents in attachments" to his amended 2003 return.

OPINION

Section 61 provides that "gross income means all income from whatever source derived." Gross income is an inclusive term with broad scope, designed by Congress to "exert * * * 'the full measure of its taxing power'". Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429 (1955) (quoting Helvering v. Clifford, 309 U.S. 331, 334 (1940)). Compensation for services is enumerated among the items of income included under section 61. Sec. 61(a)(1).

Petitioner agrees that he has in fact received the amounts reportedly paid to him; he simply argues that the amounts are not taxable. Petitioner's argument is clearly without merit, and we hold that the amounts of nonemployee compensation received by petitioner are includible in his taxable income for 2003.

Respondent also determined that petitioner is liable for an accuracy-related penalty under section 6662(a). In relevant part, section 6662(a) and (b) imposes an accuracy-related penalty if any portion of an underpayment is attributable to either (1) negligence or disregard of rules or regulations or (2) any substantial understatement of income tax. "Negligence" includes

any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. An "understatement" is the excess of the amount of tax required to be shown on the return for the taxable year over the amount of tax imposed which is shown on the return, reduced by any rebate. Sec. 6662(d)(2). A substantial understatement of income tax exists for any taxable year for purposes of section 6662 if the amount of the understatement for the taxable year exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or $5,000. Sec. 6662(d)(1)(A).

Respondent bears the burden of production under section 7491(c) and must come forward with sufficient evidence indicating that it is appropriate to impose an accuracy-related penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once respondent has met this burden, the taxpayer must come forward with persuasive evidence that the accuracy-related penalty does not apply. Id. at 447. The taxpayer may establish, for example, that part or all of the accuracy-related penalty is inapplicable because it is attributable to an understatement with respect to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). Whether a taxpayer acted as such is a factual determination, sec. 1.6664-4(b)(1), Income Tax Regs., in regard to which the taxpayer's effort to assess the proper tax liability is a very important consideration.

Here, we conclude that respondent has met his burden of production with respect to the accuracy-related penalty. Petitioner's amended return for 2003 shows total tax due of zero. Thus, the deficiency in this case, which is greater than $5,000, is a substantial understatement within the meaning of section 6662(d). In addition, the deficiency in this case is attributable to negligence as defined in section 6662(c), as petitioner has failed to make any reasonable attempt to comply with the provisions of the Internal Revenue Code. In that petitioner has introduced no evidence to support a finding of reasonable cause, we sustain respondent's determination as to the accuracy-related penalty.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.